**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|   |   |   |
|---|---|---|
| | : | |
| | : | CIVIL ACTION NO. |
| KEVIN RODRIGUEZ, | : | 3:16-CV-1784 (JCH) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | OCTOBER 25, 2019 |
| | : | |

**RULING RE: PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1)**

Petitioner Kevin Rodriguez moves to vacate, set aside, or correct his sentence

pursuant to section 2255 of title 28 of the United States Code.    For the reasons set

forth below, Rodriguez's Motion (Doc. No. 1) is **DENIED.**

## I.    BACKGROUND

On June 5, 2014, Rodriguez was arrested and charged in a five-count Indictment

with Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1) and 111(b);

Robbery of a Person Having Lawful Custody of Money in the United States, in violation

of 18 U.S.C. § 2114(a); Conspiracy to Interfere with Commerce by Robbery. and

Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); and

Possession of a Firearm in Furtherance of Crimes of Violence, in violation of 18 U.S.C.

924 § (c)(1)(A)(ii).    See Untied States v. Smith et al., 3:14-CR-135, Indictment (Doc.

No. 9).

On March 31, 2015, Rodriguez entered a guilty plea to Possession of a Firearm

in Furtherance of Crimes of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count

Five).    Id., Plea Agreement (Doc. No. 58) ("Plea Agreement").    The parties agreed in

the Plea Agreement that Rodriguez's guideline range was 84 months imprisonment—a term driven by the statutory mandatory minimum of section 942(c)(1)(A)(ii) of title 18 of the United States Code.   Id. at 3.   Under the terms of his Plea Agreement, Rodriguez waived the right to appeal or otherwise collaterally attack the sentence imposed by this court, provided that his sentence did not exceed 84 months.   Id. at 4.

On July 2, 2015, this court sentenced Rodriguez to a term of imprisonment of 84 months.

On October 28, 2016, Rodriguez filed the instant Motion pro se.   Rodriguez claims that his trial counsel failed to raise an argument post sentencing that the section 942(c)(1)(A)(ii) conviction should be vacated based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act to be unconstitutional).   Rodriguez alleges that, while incarcerated, he asked his former counsel to research the Johnson decision to determine whether it applied to his case retroactively.   Rodriguez communicated this request to his former counsel by email on May 25, 2016, and that counsel, Kelly Barrett, acknowledged receipt.   See Ex. A (Doc. No. 22).   Rodriguez claims he never received any further communications from his former counsel.   See Ex. B (Doc. No. 22).

The government argues that Rodriguez's Petition should be denied because (1) his Petition is untimely under section 2255(f) of title 28 of the United States Code, (2) Rodriguez waived his right to collateral attack in the Plea Agreement, and (3) Rodriguez's claims fail on the merits.   Government's Response to Defendant's Motion Pursuant to 28 U.S.C. § 2255 ("Gov't Resp.") (Doc. No. 24) at 2.

## II.    STANDARD

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. United States, 59 F.3d 296, 301 (2d Cir.1995) (internal citation omitted), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002). A prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" only if the prisoner can show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## III.    DISCUSSION

### A.    Timeliness

The government first argues that the Motion is not timely. Gov't Resp. at 5. Because the court concludes that Rodriguez's Motion is barred by his prior waiver, see infra pp. 4–10, the court need not reach the merits of the Government's timeliness argument. But the court recognizes that, to the extent that Rodriguez's section 2255 claim was based on the constitutional right recognized in Johnson, Rodriguez 's Petition is untimely. Johnson was decided on June 26, 2015. 136 S. Ct. 2551 (2015). Rodriguez filed this section 2255 motion on October 28, 2016. Section 2255(f) requires that motions brought under that section be filed within one year "of the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C.

2255(f).   Therefore, Rodriguez's <u>Johnson</u> claim is four months too late.[1]

   B.   <u>Waiver</u>

   The court concludes that Rodriguez validly waived his right to collaterally attack his sentence and, thus, is precluded from maintaining the present action for relief under section 2255.   <u>Tellado v. United States</u>, 745 F.3d 48, 53 (2d Cir. 2014).

   "It is well-established that, absent certain exceptions, a defendant's waiver of the right to appeal or collaterally attack a sentence within an agreed-upon Sentencing Guidelines range is enforceable."   <u>Held v. United States</u>, No 3:08-CV-1189, 2009 WL 179820, at *2 (D. Conn. Jan. 2009) (citing <u>Garcia–Santos v. United States</u>, 273 F.3d 506, 509 (2d Cir. 2001); <u>United States v. Djelevic</u>, 161 F.3d 104, 106 (2d Cir.1998)). The Second Circuit has repeatedly upheld the validity of such waivers, where the record demonstrates that they were made knowingly, voluntarily, and competently.   <u>United States v. Coston</u>, 737 F.3d 235, 237 (2d Cir. 2013).   There are certain limited exceptions to this rule.   These exceptions include:

> when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility.

<u>United States v. Gomez–Perez</u>, 215 F.3d 315, 319 (2d Cir.2000) (internal quotations

---

[1] To the extent that Rodriguez's Petition depends upon <u>Davis v. United States</u>, 139 S. Ct. 2319 (2019), his Petition is not untimely.   <u>Davis</u> was decided by the Supreme Court on June 24, 2019, nearly three years <u>after</u> Rodriguez filed his original Petition.

and citations omitted).[2]   Absent an applicable exception, a waiver will generally bar review of other meaningful errors.   Coston, 737 F.3d at 237 (citing United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011)).

The Plea Agreement states, in pertinent part:

> The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241.   Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 84 months' imprisonment.

Plea Agreement at 4.   Rodriguez makes no argument that he did not knowingly and voluntarily enter into the Plea Agreement.

Further, prior to accepting Rodriguez guilty plea, the court conducted a thorough canvass of Rodriguez consistent with Rule 11 of the Federal Rules of Criminal Procedure.   Fed. R. Crim. P. 11(b)(1)(N).   The court found that he was fully competent and capable of entering a plea, that he understood the nature and consequences of what he was doing by pleading guilty, that he understood the charges and his rights, and that his plea of guilty was knowing and voluntary.   United States v. Rodriguez, No.

---

[2] In United States v. Rosa, 123 F.3d 94, 101 (2d Cir. 1997), the Second Circuit wrote:

> We will certainly often be willing to set aside the waiver and accept appeal when constitutional concerns are implicated, whether those concerns be related to a particular constitutional provision such as the ex post facto clause, or whether it simply appears that the ultimate sentence is so far beyond the anticipated range that to deny the right of appeal would raise serious questions of fundamental fairness.

Subsequently, this language has been described as "dicta" and not applied.   See, e.g., United States v. Riggi, 649 F.3d 143, 149 (2d Cir. 2011) ("This dicta should be read in view of the 'disturbing characteristic[s]' of the plea agreement in Rosa. . . . Moreover, the Rosa court enforced the waiver notwithstanding its 'disturbing characteristic[s].'") (quoting Rosa, 123 F. 3d at 101); see also United States v. Koehn, 580 Fed. Appx. 46, 47 (2d Cir. 2014) (summary order) (finding Rosa "inapposite because the waiver at issue [in Koehn] is not unorthodox").

3:14-CR-00135, Transcript of Plea Hearing, March 31, 2015 ("Plea Tr.") (Doc. No. 105) at Tr. 2:23-24, 3:15-19, 6:24-7:9, 10:9-17, 12:21-23.   In particular, the court canvassed Rodriguez on his right to appeal or collaterally attack his sentence:

> The Court:    If you'll turn to page 4, sir, there's a very important paragraph which is entitled "Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence." You see that?
>
> Defendant:    Yes, Your Honor.
>
> The Court:    Under that particular paragraph, sir, you're giving up your right to take an appeal or collaterally attack your conviction in any way as long as I don't sentence you to more than that 84 months that we've previously referred to, a five-year term of supervised release, and a $100 special assessment, and a $12,500 fine.   If I don't exceed those limitations, sir, you're giving up your right to appeal your sentence or attack it by any other means. You understand that?
>
> Defendant:    Yes, Your Honor.

Id. at 6:18-7:9.   Based on the court's canvass of Rodriguez at his change of plea, his waiver of his right to appeal or collaterally attack his sentence was knowing and voluntary.

Rodriguez is not challenging the enforceability of the Plea Agreement or its waiver provision.   In fact, in his initial pro se section 2255 Petition, Rodriguez acknowledges that he waived his right to appeal.   Motion at 3 ("I waived my right to appeal.").   In his Memorandum in Support, Rodriguez makes no mention of the waiver.   He does not argue that the waiver was not made knowingly and voluntarily, or that any other exception applies.   Instead, Rodriguez asserts an ineffective assistance of counsel claim.   Specifically, Rodriguez argues that "his trial counsel failed to raise an argument post sentencing that the § 924(c)(1)(A)(ii) conviction cannot stand based on a June 26, 2015 Supreme Court decision that

6

held the ACCA's residual clause was unconstitutionally void for vagueness." Memorandum in Support of 28 U.S.C. §2255 Petition ("Mem. in Supp.") (Doc. No. 22) at 2 (citing Johnson, 135 S. Ct. at 2551).

An ineffective assistance of counsel claim is one way to challenge the enforceability of a waiver. However, the ineffective assistance of counsel claim must relate directly to the process by which the waiver was procured. Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002). Thus, "[a]n ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns the advice the defendant received from counsel." Parisi v. United States, 529 F.3d 134, 138-39 (2d Cir. 2008) (emphasis added); see also Areizaga-Rosa v. United States, No. 14-CV-540S, 2018 WL 5982866, *7 (W.D.N.Y. Nov. 14, 2018) ("In short, ineffective-assistance-of-counsel claims that affect the plea process survive the waiver, and those that do not, do not.").

Rodriguez does not argue—and the record does not indicate—that his counsel was ineffective before he entered into the Plea Agreement.[3] Rather,

---

[3] At his change of plea, Rodriguez indicated that he was "completely satisfied with the representation" he had received from his attorney, Plea Tr. 10:13-17, and he does not now argue to the court that the performance of his former counsel was objectively unreasonable under Strickland's first prong of ineffective assistance of counsel. However, it bears noting that Rodriguez signed the Plea Agreement on March 31, 2015. By this date, the Supreme Court had already held arguments in Johnson (the case was reargued on April 20, 2015). At the time of Rodriguez's sentencing, the Supreme Court had decided Johnson. Although Johnson did not address the constitutionality of section 924(c)(3), the court concludes that it would have been clear to any reasonable counsel that Johnson provided arguments to challenge 924(c)(3)'s residual clause.

However, Rodriguez did not assert this claim, and no record was developed as to what, if anything, counsel discussed with her client before Rodriguez entered into the Plea Agreement regarding the pendency of Johnson before the Supreme Court. Nor does Rodriguez claim that former counsel was ineffective at the time of sentencing (at which point Johnson had already been decided). The court will

Rodriguez claims that his counsel was ineffective <u>after</u> he entered his plea of guilty by failing to raise a new argument.   Mem. in Supp. at 2.   The Second Circuit has rejected such a post-plea claim.   See <u>Djelevic</u>, 161 F.3d at 107 ("[D]efendant claims that his waiver should not bar consideration of his appeal because counsel was ineffective not at the time of the plea, but at sentencing. We emphatically reject this contention.").   Unlike ineffective assistance of counsel during the plea agreement process, ineffective assistance of counsel after sentencing does not call into question the validity of the appeal waiver. See <u>Held</u>, 2009 WL 179820, at *3; <u>but see</u> <u>El Saleh v. United States</u>, No. 13-CV-1567, 2016 WL 4734601, at *3 (E.D.N.Y. Sept. 9, 2016) ("[W]here an attorney's ineffective assistance caused a defendant to agree to a waiver, a court must look past the waiver and examine the underlying merits of the ineffective assistance claim.").   Similarly, the failure of Rodriguez's counsel to raise an argument after sentencing did not affect the knowing and voluntary nature of the agreement itself.   As the Second Circuit has noted, "[i]f we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless."   <u>Djelevic</u>, 161 F.3d at 107.   The same reasoning

---

not address such unasserted claims, or hold an evidentiary hearing, primarily because they are unasserted in Rodriguez's counseled Memorandum, strongly suggesting that there is no factual basis to assert and justify such a claim, as well as for various reasons addressed in this Ruling: existence of an enforceable waiver, <u>see</u> <u>supra</u> pp. 4–10; claims were procedurally defaulted, <u>see</u> <u>infra</u> pp. 10–21; Rodriguez's failure to show that he would have appealed but for his former counsel's deficient performance, <u>see</u> <u>infra</u> pp. 14–15; and Rodriguez's failure to show that he suffered prejudice in light of this court's conclusion that Assault on a Federal Officer is categorically a crime of violence, <u>see</u> <u>supra</u> pp. 16–21.   The court concludes that "the files and records of the case conclusively show that the prisoner is entitled to no relief."   28 U.S.C. § 2255(b).

extends to claims of ineffective assistance of counsel <u>after</u> sentencing. Because Rodriguez's sentence did not exceed the waiver's thresholds, and because Rodriguez's ineffective assistance of counsel claim relates to counsel's conduct after he made a knowing and voluntary plea, the waiver forecloses his collateral attack.

Although Rodriguez filed his Petition before <u>Davis v. United States</u>, 139 S. Ct. 2319 (2019), the Supreme Court's holding in that case similarly does not defeat the enforceability of Rodriguez's waiver.    In <u>Davis</u>, the Court analyzed the constitutionality of section 924(c)(3) of title 18 of the United States Code. Section 924(c)(3) defines the "crime of violence" element of section 924(c)(1)(A) as follows:

> For purposes of this subsection, the term "crime of violence" means an offense that is a felony and—
>
> (A)    Has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    That by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).    The <u>Davis</u> Court ultimately found section 924(c)(3)(B)— the "residual clause"—to be unconstitutionally vague.    <u>Davis</u>, 139 S. Ct. at 2336. Although Rodriguez does not address <u>Davis</u>, in the Government's Response to Rodriguez's Petition, the Government contends that the crime underlying his section 924(c) conviction—Assault on a Federal Officer—qualifies as crime of violence under section 924(c)(3)(A), thereby making <u>Davis</u>' holding irrelevant to Rodriguez's circumstances.    Gov't Resp. at 12.    This court agrees.    <u>See</u> <u>infra</u> pp. 16–21.

However, even if Rodriguez's sentence depended upon the residual clause of section 924(c)(3), the Second Circuit has found that a knowing and voluntary waiver of the right to collaterally attack a conviction or sentence bars arguments that arise due to subsequent changes in the law.   See United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005); see also Adesina v. United States, 461 F. Supp. 2d 90, 96 (E.D.N.Y. 2006) ("[T]he law as articulated by the Second Circuit is clear that a knowing and voluntary waiver of a criminal defendant's right to challenge his conviction or sentence under § 2255 is binding in its preclusive effect, even as to constitutional arguments that arise due to subsequent changes in the law that the parties could not have anticipated at the time of the plea agreement.").   The Second Circuit denied similar claims after the Supreme Court struck down the residual clause of the Armed Career Criminal Act as unconstitutionally vague in Johnson.   In Sanford v. United States, 841 F.3d 578 (2d Cir. 2016), the petitioner brought a section 2255 motion asserting a Johnson challenge.   Id. at 579.   As in this case, the petitioner's plea agreement included a waiver of collateral attack.   Id.   The Second Circuit held:

> Even assuming, however, that Sanford was sentenced under a Guidelines provision that is unconstitutional after Johnson, this Court has held that a defendant's inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.

Id. at 580 (alteration in original) (internal quotation marks omitted) (citing United States v. Lee, 523 F.3d 104, 107 (2d Cir. 2008)); see also United States v. Harrison, 699 F.3d 158, 159 (2d Cir. 2012) ("A defendant's inability to foresee that subsequently decided cases would create new appeal issues does not

supply a basis for failing to enforce an appeal waiver."). Rodriguez's

Johnson/Davis claim is thus barred by the terms of the Plea Agreement.

C.    Procedural Default

Even if, assuming arguendo, Rodriguez's waiver was not enforceable, the

government argues that his Petition is nonetheless procedurally barred.    Gov't Resp. at

9.    When a defendant fails to appeal, he is procedurally barred from raising any issues

on a section 2255 motion that could have been raised on appeal.    See United States v.

Frady, 456 U.S. 152, 164 (1982) ("[W]e have long and consistently affirmed that a

collateral challenge may not do service for an appeal.") (collecting cases). The Supreme

Court has identified two exceptions to this rule of procedural default: (1) where the

movant can demonstrate "cause" for failing to bring a direct appeal and "prejudice"

arising from the failure to do so; and (2) where the movant can demonstrate that he is

"actually innocent."    Bousley v. United States, 523 U.S. 614, 622 (1988).    Here,

Rodriguez does not claim that he is actually innocent.    Thus, the court considers

whether he has demonstrated "cause" and "prejudice."

1.    Cause

The "cause" requirement is met "if some objective factor, external to Petitioner's

defense, interfered with his ability to comply with the state's procedural rule."    Gutierrez

v. Smith, 702 F.3d 103 (2d Cir. 2012).    These factors can include a factual or legal

basis for a claim that was not available to defendant's counsel, interference by

Government officials, or ineffective assistance of counsel.    See Murray v. Carrier, 477

U.S. 478, 488 (1986).

Here, Rodriguez has failed to satisfy <u>Bousley</u>'s "cause" requirement.    In his

Memorandum, Rodriguez does not address the issue of procedural default; nor does he

attempt to demonstrate "cause" for his failure to bring a direct appeal.    In his original

Petition, however, Rodriguez explained that he failed to file an appeal because he had

waived that right.    Motion at 3 ("I waived my right to appeal.").    The Second Circuit has

clearly held that a waiver of appeal provision in a plea agreement does not constitute

"cause" for failing to take a direct appeal.    <u>Garcia-Santos v. United States</u>, 273 F.3d

506, 508 (2d Cir. 2001).

Nor can Rodriguez rely upon <u>Johnson</u> and <u>Davis</u> to establish cause.    The

Second Circuit has held that the "cause" standard is a strict one: "the question is not

whether subsequent legal developments have made counsel's task easier, but whether

at the time of the default the claim was 'available' at all."    <u>United States v. Thorn</u>, 659

F.3d 227, 233 (2d Cir 2011) (citing <u>Smith v. Murray</u>, 477 U.S. 527, 537 (1986)).    The

arguments that Rodriguez asserts now were previously available to him.    <u>Johnson</u>,

upon which Rodriguez's Petition principally relies, was decided on June 26, 2015.

Rodriguez was sentenced on July 2, 2015.    During the sentencing hearing, this court

informed Rodriguez of his right to file a Notice of Appeal, and the need to do so within

14 days.    <u>United States v. Rodriguez</u>, No. 3:14-CR-00135, Transcript of Sentencing

Hearing, July 2, 2015 ("Sentencing Tr.") (Doc. No. 104) at Tr. 20:13–21:6.    Despite his

acknowledgement of this right, <u>see</u> <u>id.</u> at 21:6, Rodriguez failed to file an appeal.

Because <u>Johnson</u> was decided before Rodriguez was sentenced, this court cannot

conclude that the "legal basis for [Rodriguez's <u>Johnson</u>] claim was not reasonably

available to counsel."[4]   Murray, 477 U.S. at 488.   Rodriguez is thus barred from

raising his Johnson claim now.

 Rodriguez is similarly barred from relying on Davis to establish "cause" for failing

for file an appeal.   The Supreme Court decided Davis, which invalidated the residual

clause of section 924(c)(3) of title 18 of the United State Code, on June 24, 2019.

Although Rodriguez did not have the benefit of Davis during his period of appeal, lack of

Supreme Court precedent is insufficient to establish cause.   See Bousley, 523 U.S. at

622.   Even more, the fact that a claim may be futile is not sufficient to establish cause

"if it means simply that a claim was unacceptable to that particular court at that

particular time."   Id. at 623; see also Thorn, 659 F.3d 22 (holding that defendant could

not show that good cause excused his failure to pursue claim of statutory vagueness on

direct appeal prior to Johnson decision); United States v. Aletras, No. 2:07-CR-141,

2016 WL 7650587, at *4 (D. Vt. Nov. 21, 2016), report and recommendation adopted,

2:07-CR-141-1, 2017 WL 57799 (D. Vt. Jan. 5, 2017) (same).   Before Davis (and

before Rodriguez's sentencing), the "Court ha[d] recently applied the doctrine [of

vagueness] in two cases involving statutes that bear more than a passing resemblance

to § 924(c)(3)(B)'s residual clause." Davis, 139 S. Ct. at 2325 (citing Johnson, 135 S.Ct.

at 2551), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (finding the residual clause of

section 16 of title 18 of the United States Code to be unconstitutionally vague)).

---

 [4] To the extent that Rodriguez argues that his former counsel's failure to raise these available arguments constituted ineffective assistance of counsel, the court cannot conclude that former counsel's performance fell below an objective standard of reasonableness under Strickland's first prong.   See supra p. 7 n.3.   The court nonetheless concludes that, because Rodriguez cannot satisfy Strickland's second prong of prejudice, his ineffective assistance of counsel claim fails.   See infra pp. 15–17.

Because these arguments were available to Rodriguez at the time of his sentencing, he is barred from raising them now.

Rodriguez could satisfy <u>Bousley</u>'s "cause" standard by successfully asserting an ineffective assistance of counsel claim. <u>See</u> <u>Murray</u>, 477 U.S. at 488 ("Ineffective assistance of counsel, then, is cause for a procedural default."). Rodriguez's ineffective assistance of counsel claim focuses on his former counsel's failure to "raise an argument post sentencing." Memo in Supp. at 2. Even if, assuming <u>arguendo</u>, Rodriguez's waiver did not bar this claim, <u>see</u> § III(B), Rodriguez's ineffective assistance claim would nonetheless fail because it does not satisfy the requirements of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). A petitioner claiming ineffective assistance of counsel "must show that (1) counsel's performance was objectively deficient, and (2) petitioner was actually prejudiced as a result." <u>Harrington v. United States</u>, 689 F.3d 124, 129 (2d Cir.2012) (citing <u>Strickland</u>, 466 U.S. at 687–88). The Second Circuit has described the burden as "a heavy one because, at the first step of analysis, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> (citations and internal quotation marks omitted). "The determinative question at this step is not whether counsel 'deviated from best practices or most common custom,' but whether his 'representation amounted to incompetence under prevailing professional norms.'" <u>Id.</u> at 129–30 (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 88 (2011)).

At the second step, the Supreme Court has held that a defendant in Rodriguez's position must demonstrate that, "but for counsel's deficient conduct, he would have appealed." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 486 (2000). The Second Circuit has

held that a defendant's mere expression of interest in an appeal is insufficient to establish prejudice. See Sarroca v. United States, 250 F.3d 785, 787 (2d Cir. 2001) ("Evidence that a defendant sufficiently demonstrated to counsel his interest in an appeal, when taken alone, is 'insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal.'" (quoting Flores-Ortega, 528 U.S. at 480). If counsel's performance, however, deprives a defendant of an appeal that he otherwise would have taken, he has been denied effective assistance of counsel. Sarroca, 250 F.3d at 787.

In determining whether a reasonable defendant would have appealed, the Supreme Court provided:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a . . . particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Flores-Ortega, 528 U.S. at 486.

In considering this issue, courts in the Second Circuit "have drawn a distinction between those cases where a defendant has not waived his right to appeal, and those where a defendant has knowingly and voluntarily waived his right to appeal." Song Ping Tian v. United States, No. 05-CV-4978 (DC), 2005 WL 1713056, *6 (S.D.N.Y. July 22, 2015) (collecting cases). The distinction is significant, because courts in this Circuit that have addressed the issue have found that defendants who waive their right to appeal are precluded from asserting an ineffective assistance claim based on

counsel's failure to file an appeal.   See, e.g., Padilla v. United States, No. 02-CV-5992 (DC), 2003 WL 1948799, at *4 (S.D.N.Y. April 24, 2003); Lopez v. United States, No. 01-CV-7398, 2002 WL 1471540, at *3 (E.D.N.Y. May 15, 2002); Rosa v. United States, 170 F. Supp. 2d 388, 408 (S.D.N.Y. 2001) ("[H]is attorney was not ineffective in failing to file a notice of appeal because no appeal could be pursued under the Plea Agreement.").

Rodriguez's claim fails Strickland's second prong because he cannot show prejudice.[5]   Rodriguez does not argue in his Petition that he requested that his counsel file an appeal.   In his email to his former counsel, which is the only evidence regarding his interest in an appeal, he wrote: "While I'm not all that sure how [Johnson] could or would apply to me, I was wondering if you understand if in fact this applies to me or not."   Ex. A.   Additionally, in determining whether, in the absence of the former counsel's allegedly ineffective assistance, Rodriguez would have appealed, the court considers the fact that Rodriguez waived his right to appeal any sentence not more than 84 months, the lowest possible sentence contemplated by Rodriguez and the government in the Plea Agreement.   He entered into this agreement knowingly and voluntarily, after consultation with counsel, and with complete understanding of the consequences.   Plea Tr. at 6:18-7:9.   In his initial section 2255 petition, Rodriguez acknowledges that he waived his right to appeal.   Motion at 3 ("I waived my right to appeal.").   Because of this waiver, any appeal filed by former counsel would have been

---

[5] Regarding Strickland's first prong, the court has already noted that it cannot conclude that the performance of Rodriguez's former counsel did not fall below an objective standard of reasonableness. See supra p. 7 n.3.

dismissed as barred. Rodriguez has therefore failed to show that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 480. The court concludes that Rodriguez was not prejudiced by his former counsel's failure "to raise an argument post sentencing." Mem. in Supp. at 2.

Because Rodriguez cannot satisfy the second prong of the Strickland test, his claim of ineffective assistance of counsel fails.

### 2. Prejudice

Moreover, even if Rodriguez could satisfy the Bousley "cause" standard (through previously unavailable legal arguments or ineffective assistance of counsel), he cannot prove, under Bousley's second prong of procedural default, that he was prejudiced by failing to raise the claim on direct appeal. Rodriguez argues that Assault on a Federal Officer does not qualify as a "crime of violence" following the Supreme Court's decisions in Johnson, 133 S. Ct. 2251 and Davis, 139 S. Ct. 2319.[6] As discussed above, Rodriguez was convicted under section 924(c)(1)(A) of title 18 of the United States Code, which provides:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

---

[6] Davis was decided after Rodriguez submitted his Memorandum and is therefore not directly addressed. However, Rodriguez addresses the issues at the heart of Davis and analyzes the circuit split that existed at the time (correctly predicting that "[t]his split of authority seems destined to be resolved by the Supreme Court." Mem. at 7). Furthermore, Rodriguez argues against United States v. Barrett, 903 F.3d 166 (2d Cir. 2018), which was abrogated by Davis.

18 U.S.C. § 924(c)(1)(A)(ii).  The statue defines "crime of violence" as an offense that is a felony and

> (A)     Has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)     That by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  As noted previously, the Supreme Court in <u>Davis</u> struck down section 924(c)(B)—the "residual clause"—as unconstitutionally vague.  135 S. Ct. 2551.  "The key question, therefore, is whether Assault on a Federal Officer is categorically violent under § 924(c)(A)"—the "force clause."  Mem. in Supp. at 8.

In "determining whether a [particular] offense is [considered] a 'crime of violence' under" the "force clause" of § 924(c), courts in the Second Circuit "employ a 'categorical approach.'"  <u>United States v. Ivezaj</u>, 568 F.3d 88, 95 (2d Cir. 2009) (quoting <u>United States v. Acosta</u>, 470 F.3d 132, 135 (2d. Cir. 2006)); <u>see also</u> <u>United States v. Hill</u>, 890 F.3d 51, 55 (2d Cir. 2018) (applying the categorical approach after <u>Johnson</u>). This approach "focus[es] on the intrinsic nature of the offense rather than on the circumstances of a particular crime." <u>Ivezaj</u>, 568 F.3d at 95.  Hence, "an offense is a crime of violence within the meaning of § 924(c)(3)'s force clause only if it necessarily involves the use, attempted use, or threatened use of physical force against the person or property of another."  <u>Thomas v. United States</u>, 13-CV-3171, 2018 WL 3094936, at *5 (E.D.N.Y. June 22, 2018) (emphasis in original) (citing <u>Moncrieffe v. Holder</u>, 569 U.S. 184, 190 (2013)).

The predicate offense of Rodriguez's section 924(c) conviction was Assault on Federal Officer, sections 111(a) and (b) of title 18 of the United States Code.   In both

the Plea Agreement and change of plea hearing, Rodriguez pled guilty to this crime.

Plea Tr. 3:9-14; see also Plea Agreement at 1.    Sections 111(a) and (b) provide that:

> (a)    In general.--Whoever--
> (1)    forcibly assaults, resists, opposes, impedes, intimidates, or
> interferes with any person designated in section 1114 of this title
> while engaged in or on account of the performance of official duties;
> or
> (2)    forcibly assaults or intimidates any person who formerly
> served as a person designated in section 1114 on account of the
> performance of official duties during such person's term of service,
> shall, where the acts in violation of this section constitute only
> simple assault, be fined under this title or imprisoned not more than
> one year, or both, and where such acts involve physical contact
> with the victim of that assault or the intent to commit another felony,
> be fined under this title or imprisoned not more than 8 years, or
> both.
>
> (b)    Enhanced penalty.--Whoever, in the commission of any acts
> described in subsection (a), uses a deadly or dangerous weapon
> (including a weapon intended to cause death or danger but that
> fails to do so by reason of a defective component) or inflicts bodily
> injury, shall be fined under this title or imprisoned not more than 20
> years, or both.

18 U.S.C. §§ 111(a), 111(b).    Rodriguez has not cited any case law demonstrating that

this offense is not categorically a crime of violence.    See Mem. in Supp. at 8–11.    In

fact, Johnson, the very case that Rodriguez relies upon refers to Assault on a Federal

Officer as one of the "quintessential violent felonies."    135 S. Ct. at 2583 & n.10.    And

although there are no decisions directly on point from the Second Circuit, several other

circuits have found that section 111(b) is categorically a crime of violence under the

"force clause" of section 924(c)(3) and under the "force clauses" of other statutes.    See

United States v. Kendall, 876 F.3d 1264, 1270 (10th Cir. 2017); United States v. Rafidi,

829 F.3d 437, 444 (6th Cir. 2016); United States v. Juvenile Female, 566 F.3d 943, 948

(9th Cir. 2009); <u>United States v. Hernandez-Hernandez</u>, 817 F.3d 207, 210 (5th Cir. 2016); <u>United States v. Taylor</u>, 848 F.3d 476, 494 (1st Cir. 2017).

Rodriguez cites no case that supports his conclusion that Assault on Federal Officer is not a categorically violent crime. Rodriguez only argues abstractly that the offense is "not categorically violent because not <u>every</u> such assault involves 'the use, attempted use, or threatened use of [violent] physical force against the person or property of another.'" Mem. in Supp. at 9 (quoting <u>Johnson</u>, 559 U.S. at 140) (alternations in original). Rodriguez then states that, "[i]f a defendant violates § 111(a)(1) by resisting, opposing, impeding, intimidating or interfering with the victim, it does not necessarily follow that the defendant used 'violent' force, as required by <u>Johnson</u>, 559 U.S. at 140." Mem. in Supp. at 9. This analysis is insufficient for two reasons. First, for the purposes of applying the categorical approach, "hypotheticals are insufficient because a defendant is required to 'point to his own case or other cases in which the . . . courts in fact did apply the statute' in such a manner to show that there is a 'realistic probability' that the [the statute] would reach the conduct [defendant] describes." <u>United States v. Hill</u>, 890 F.3d 51 (2d Cir. 2016) (quoting <u>Gonzalez v. Duenas–Alvarez</u>, 549 U.S. 183, 193 (2007). The categorical approach "requires more than the application of legal imagination to a . . . statute's language." <u>Deunas-Alvarez</u>, 549 U.S. at 193. Rodriguez does not cite any example of an Assault on a Federal Officer that did not include the use, attempted use, or threatened use of force; therefore, his attempt at applying "legal imagination" to the statute must accordingly fail.

Second, despite the fact that Rodriguez was convicted under both section 111(a) and 111(b), Rodriguez's analysis is limited to section 111(a). In his Memorandum,

Rodriguez makes no mention of 111(b), which provides that any defendant who "in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon . . . or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both."   18 U.S.C. § 111(b).   The Tenth Circuit previously considered whether this section qualified as a crime of violence:

> To determine if every violation of § 111(b) is a crime of violence, then, we need only determine whether both an assault that causes bodily injury and an assault with a deadly weapon involve the use, threatened use, or attempted use of violent physical force. They both do.

Kendall, 876 F.3d at 1270.   See also Rafidi, 829 F.3d at 446 ("Rafidi's conviction for § 111(b) constitutes a 'crime of violence' within the meaning of § 924(c)(3), and the district court did not err in denying Rafidi's motion for a judgment of acquittal.").

The use of a deadly or dangerous weapon while in the commission of an assault on a federal officer necessarily involves the "use, attempted use, or threatened use of physical force."   18 U.S.C. § 924(c)(3)(A).   "The use of a firearm during an assault is clearly capable of causing serious physical pain or injury to another individual." Rodney v. United States, 3:16-CV-303-3, 2019 WL 2571150, at *4 (E.D.N.Y. June 19, 2019) (finding that "brandishing a gun during an assault in aid of racketeering is therefore categorically a crime of violence under the 'force clause' of § 924(c)."). Because Rodriguez has not proven, "by a preponderance of the evidence, that . . . his predicate offense[ ] was found to be a crime of violence under the residual clause, he has not met his burden of showing that he was sentenced under the residual clause." Blackmon v. United States, 3:16-CV-1080, 2019 WL 3767511, *16 (D. Conn. Aug. 9, 2019).   Therefore, he cannot show that he suffered any prejudice.

Because Rodriguez has failed to satisfy the "cause" and "prejudice" requirements, he is procedurally barred from raising the claims he asserts.

## IV.     CONCLUSION

For the reasons set forth above, the court **DENIES** Rodriguez's Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 1).   Because Rodriguez has not made a "substantial showing" of denial of a constitutional right, a certificate of appealability will not issue.   28 U.S.C. § 2253(c)(2).   The Clerk is hereby directed to close this case.


**SO ORDERED.**

Dated this 25nd day of October, 2019 at New Haven, Connecticut.


 /s/ Janet C. Hall              
Janet C. Hall
United States District Judge
